**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VAHAGN ABRAHAMYAN; LILYA ABRAHAMYAN, | No. 19-70141 |
| Petitioners, | Agency Nos. A209-763-320 |
| v. | A209-763-319 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020[**]
San Francisco, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and SCHREIER,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Karen E. Schreier, United States District Judge for the
District of South Dakota, sitting by designation.

Vahagn Abrahamyan and his daughter, Lilya Abrahamyan, natives and citizens of Armenia, seek review of the decision of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) to deny asylum, withholding of removal, and withholding of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

The IJ based his adverse credibility determination on the implausibility of Vahagn Abrahamyan's testimony, which is a permissible basis for such a determination, 8 U.S.C. § 1158(b)(1)(B)(iii). Abrahamyan did not challenge the IJ's implausibility findings in his appeal to the BIA, and the BIA did not review that issue on the merits. *See Arsdi v. Holder*, 659 F.3d 925, 930 (9th Cir. 2011) (explaining that the BIA may decline to review issue not raised on appeal). Because Abrahamyan failed to exhaust this issue, we lack jurisdiction to review it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). The IJ also based his adverse credibility determination on Vahagn Abrahamyan's demeanor, which is not only a permissible basis for such a determination, but is entitled to "special deference." *Ling Huang v. Holder*, 744 F.3d 1149, 1154 (9th Cir. 2014) (quoting

2

*Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir.1999)).[1]  Accordingly, the IJ's

adverse credibility determination is supported by substantial evidence.  *See Rizk v.*

*Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

Abrahamyan argues, for the first time on appeal, that the IJ erred in failing to

afford Abrahamyan an opportunity to corroborate his testimony.  This issue was

not exhausted before the BIA, and we lack jurisdiction to address it.  *Barron*, 358

F.3d at 678.

On appeal, Abrahamyan fails to identify any evidence in the record, other

than his own non-credible testimony, that establishes that he is entitled to relief.

Therefore, this argument is waived.  *Rizk*, 629 F.3d at 1091 n.3.

**PETITION DENIED.**

---

[1] Abrahamyan also failed to exhaust his argument that the IJ erred in
considering Abrahamyan's demeanor during other witnesses' testimony.
Therefore, we lack jurisdiction to review it in the first instance.  *Barron*, 358 F.3d
at 678.